[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15644
Non-Argument Calendar
_____

D.C. Docket No. 0:12-cr-60112-WPD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NADIA SOL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 17, 2013)

Before TJOFLAT, CARNES, and PRYOR, Circuit Judges.

PER CURIAM:

Nadia Sol appeals her 33-month sentence, imposed at the low end of her

guidelines range after she pleaded guilty to conspiracy to commit bank fraud, in

violation of 18 U.S.C. § 1349. Sol contends that her sentence is substantively unreasonable because of her "extraordinary" family circumstances, the overrepresentation of her criminal history in the guidelines range calculation, and her "extraordinary" acceptance of responsibility and post-offense rehabilitation.

## I.

From March 2009 until April 2010 Sol participated in a conspiracy to set up fraudulent bank accounts, obtain stolen checks, deposit those checks into the fraudulent bank accounts, and withdraw the funds before the fraud was discovered. In the course of that conspiracy, Sol made her minor daughter deposit stolen checks into a fraudulent bank account. Sol was arrested and indicted on seven counts. In exchange for Sol pleading guilty to conspiracy to commit bank fraud, the other counts were dismissed.

The presentence investigation report concluded that Sol's base offense level was 7. Sol received a 6-level increase based on a loss amount of $33,537.00, a 2-level increase based on the number of victims, a 2-level enhancement for using or attempting to use a person under the age of eighteen to commit the offense, and a 3-level reduction for acceptance of responsibility, resulting in a total offense level of 14.

The PSR recounted Sol's extensive criminal history, which consisted of nine felony convictions and twelve misdemeanor convictions. Four of her felony

2

convictions were for grand theft and three were for forgery. The PSR also noted that in 2004 a court withheld adjudication on two counts of child neglect and delinquency based on Sol's failure to take two of her children to school—one child had 37 unexcused absences and 17 tardies and the other child had 35 unexcused absences and 28 tardies. In 2009 Sol was convicted of criminal mischief for using a bat to smash the windshield and side windows of another person's car. In 2011 she was convicted of a compulsory attendance violation because her son was absent over 48 days during the 2010–2011 school year. In all, the PSR assigned 10 criminal history points to Sol, resulting in a criminal history category of V. Sol's criminal history category combined with her total offense level of 14 resulted in a guidelines range of 33 to 41 months imprisonment.

At her sentence hearing Sol asked for an 18-month sentence based on her "extraordinary family circumstances," an "overrepresentation of criminal history," and her "extraordinary acceptance of responsibility." She noted that she had four children, three of whom lived with her sister. According to Sol, her sister had difficulties caring for the children because of her serious medical problems, but the children had nowhere else to go. Sol contended that her criminal history was overrepresented in the guidelines calculation because she had not been convicted of a fraud-related offense since 2002. She also pointed out that she had shown an "extraordinary" acceptance of responsibility throughout the prosecution and was

3

trying to become a manager at the restaurant where she worked so that she could turn her life around. The government asked for a sentence at the low end of the guidelines range, arguing that such a sentence would take into account the nature of Sol's crime and the need to adequately deter Sol and the public.

The district court then stated that it had considered the sentencing guidelines and the § 3553(a) factors in determining Sol's sentence. It noted that her cooperation with authorities, as well as her family's support at the hearing, were mitigating circumstances. The court observed that "[t]he fact that her children need her may be a mitigating circumstance," but also noted that Sol was responsible for the fact that her children needed to stay with their ailing aunt. The court recognized that the sentence should be adequate to deter Sol and protect society from further criminal activity by her. The court rejected Sol's argument that her criminal history was overrepresented, pointing out that Sol had nine felony convictions and twelve misdemeanor convictions, nine of which did not score criminal history points. The court sentenced Sol to 33 months imprisonment.

## II.

We review the reasonableness of a sentence only for abuse of discretion. United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010). To determine if a sentence is substantively unreasonable, "we must, as the Supreme Court has instructed us, consider the totality of the facts and circumstances." United States v.

Irey, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc).  We will vacate a sentence for substantive unreasonableness "if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  Id. at 1190 (quotation marks omitted).  "The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the § 3553(a) factors."  Tome, 611 F.3d at 1378.

The totality of the circumstances shows that Sol's sentence of 33 months imprisonment was reasonable.  Her sentence was at the low end of her guidelines range, and it adequately took into account the nature and circumstances of the offense, her extensive criminal history, the need to deter fraudulent conduct in the future, and the need to protect the public from further criminal activity by her.

**AFFIRMED.**